(No. 2233—

JOHANNA MORRISEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1934.*
*Rehearing denied September 13, 1934.*

GEORGE F. DOYLE, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

In the declaration filed in this cause, claimant alleges damages arising from an automobile accident on February 25, 1933 on a public thoroughfare in the City of Chicago. Claimant alleges that while walking on the street, she was struck by an automobile driven by one James Duckham, an oil inspector of the Department of Finance of the State of Illinois. Claim is made for resultant injuries in the sum of Ten Thousand Dollars ($10,000.00), which the claimant later moves to reduce to an ad damnum of Two Thousand Dollars ($2,000.00). The declaration further recites that claimant has received the sum of One Hundred Fifty Dollars ($150.00) from the said James Duckham by reason of said injuries.

Respondent, by its counsel, moves the court to dismiss the claim on the grounds that the declaration is substantially insufficient in Law and fails to state a proper legal cause of action against the respondent for the reason that the State is not liable for the misfeasance, malfeasance or nonfeasance of its officers or agents; it being contended by the respondent that claimant should be barred from maintaining her said action for the reason that the doctrine or rule of *respondeat superior* has no legal application to a sovereign state in the exercise of a governmental function. Claimant, in her objection to the motion, rests her right to an award upon the theory that regardless of any legal right, this court should grant an award upon the theory of equity and good conscience, and for the reason, as alleged, that a failure to make an award to this claimant under the facts alleged, would be doing a social injustice. In support of her contentions, claimant quotes from and relies principally upon the case of *Brawner* vs. *the State*, 5 C. C. R. 194. The ruling in the Brawner case has not, as insisted by claimant, been consistently followed, and the court is of the opinion that it should not be. It is true there appears in the reports of this court a number of cases (some of which are cited by counsel for claimant), which hold:

"There is no question that as a matter of law, no recovery could be had upon this claim, and therefore the consideration of this claim must be directed upon the proposition of equity and good conscience."

*Hasson* vs. *State*, 5 C. C. R. 224.

But, notwithstanding these decisions, the Law is correctly stated in the case of *Tuttle* vs. *State*, 5 C. C. R. 3, wherein it is said:

"It is, however, urged by the claimant that the doctrine of equity and good conscience should be applied. It is the opinion of this court that this rule should not be invoked in this particular case because in the first instance it does not appear to the court that the Legislature intended to have it so construed. As a matter of fact, if the Legislature intended that this court should be the medium through which the State becomes liable for this class of cases, then the Legislature should so specifically state. It is the opinion of the court that it is without the province of this court to indulge in presumptions."

In the case of *Watkins* vs. *the State*, 6 C. C. R. 172, it is stated:

"Claimants seem to recognize the fact their claims are not legal, for they say 'they know whatever is allowed them will be allowed out of equity and good conscience.' The statute creating the Court of Claims gives it powers to hear and determine all claims and demands, legal and equitable, which the State, as a sovereign commonwealth, should in equity and good conscience discharge and pay. It is plain, from the language of this statute, that no claim against the State can be allowed by this court unless there is either a legal or equitable obligation of the State to pay it. Before a claimant can have an award against the State, he must show he comes within the provisions of some law making the State liable to him for the amount claimed. If he can not point to any law giving him the right to an award, he cannot invoke the principle of equity to secure such an award. Where there is no legal liability, equity can not create one.
    (10 R. C. L. Sec. 132.)
    Equity is not the court's sense of moral right. It is not the power of the court to decide a case according to a high standard of abstract right, regardless of the law."

As stated by the Supreme Court of Massachusetts in construing a similar Statute in that state:

"We do not believe it was the intention of the Legislature to leave it discretionary with the Commission to make an award in favor of the claimant regardless of the question as to whether or not he had a legal claim against the State."

The Watkins case just quoted was decided in 1929, subsequent to the amendment of the Court of Claims Act of 1917, and applies to the Act as now existing. The motion of

the Attorney General to dismiss is allowed and cause dismissed.